MORTON *v.* EATON.

ASSUMPSIT — BUILDING CONTRACT — LIENORS — AMOUNTS DUE FOR LABOR AND MATERIALS—NECESSITY OF SWORN STATEMENT.

   In assumpsit for labor and materials furnished for the erection of a building, where the time within which liens for such labor and materials could have been obtained by the laborers and materialmen has long since passed, no sworn statement as to the amount due such laborers and materialmen is necessary.

Error to Washtenaw; Kinne, J. Submitted April 28, 1905. (Docket No. 114.) Decided September 28, 1905.

Assumpsit by Robert Morton against Caleb Eaton for work and labor done and materials furnished. There was judgment for plaintiff, and defendant brings error. Affirmed.

*D. C. Griffin* and *Frank E. Jones*, for appellant.

*Lee N. Brown*, for appellee.

MOORE, C. J. This cause was commenced in justice's court. The plaintiff declared orally on the common counts in assumpsit and for work, labor, and materials, and claimed damage $300, and filed a bill of particulars in writing claiming a total of $488.70. Defendant's plea was in writing, and was the general issue, with notice:

1. That whatever work was done and materials furnished upon and in the construction of the dwelling house, as claimed by the said plaintiff in this cause, was done under the terms and conditions of a certain contract in writing between said plaintiff and defendant, by the terms of which all moneys due and payments made thereunder were due and payable to James E. McGregor and John P. Kirk, and not to plaintiff.

2. That under the terms and conditions of said contract all claims for extras and additional work was to be left to E. P. Rorison, architect, as arbitrator thereof, and the decision of said Rorison was to be final as between said parties, and payments therefor were to be made to the said James E. McGregor and John P. Kirk.

3. That said dwelling house was not and has not been completed by the said plaintiff as provided for in said contract, and no moneys are now due thereunder; and, further, that about $900 due subcontractors, laborers, and materialmen was unpaid.

Plaintiff recovered a judgment in the justice's court. The case was appealed to the circuit court, where he recovered a judgment of $116. The defendant has brought the case here by writ of error.

It is the claim of plaintiff that he commenced to build a house for defendant under an oral contract; that after he had worked thereon about a week a written contract was drawn and signed; that the provisions of the written contract and specifications were disregarded because of oral agreements made later between the parties thereto; and that plaintiff put in an extra cross-wall, extra work on the rear porch, a partition in the hall, extra work because of the sash weights, furnished some bricks and siding, tore up a pine floor and substituted a hardwood floor, changed the spindles in the stairway, put rear steps to the front porch, lowered the floor joists after they were once in, made changes in the attic windows, and put in four extra windows, and a change in plate glass, for all of which he says Mr. Eaton agreed to pay, and that changes were made in the floors which cost him $125 to make, which the architect thought was twice too much. He also claims that in the fall, probably in November, he made an oral contract to make changes in the barn of defendant, for which he was to have $125, that he did much of this work, and did not do the rest because Mr. Eaton failed to do what he agreed, and that for his work on the barn he never received a dollar.

It was the claim of defendant that all the work done on

the house was done under a written contract, dated May 14, 1901, by the terms of which all payments were to be made to Kirk & McGregor, who guaranteed the performance of the contract, which contract had provisions relating to changing the plans, and stated:

" Without annulling or invalidating this agreement, and in case of such alterations the increase or diminution of expense occasioned thereby shall be estimated according to the price fixed by these presents for the whole work and materials, and the cost of such alterations shall be added to or taken from the said price, as the case may be. If said parties cannot agree on the price to be added to or deducted from this contract for said alterations, the price to be fixed by said Rorison, and his decision shall be binding on both parties and shall be final."

It also had the following:

"If said building is not completed by said 1st day of September, 1901, said Morton shall pay first party one dollar per day for each and every day said dwelling remains unfinished after said 1st day of September, which amount said Eaton may deduct from any payments due or to become due."

The house was not completed September 1, 1901. The plaintiff testified it was agreed after the contract was signed that the house need not be completed September 1st. Defendant also claimed he had paid Kirk & McGregor more than the contract price, with the extras added; that the house was not completed and lien debts were still unsatisfied.

Defendant asked the court to direct a verdict in his favor, because as to the house the work was done under a written contract the terms of which had not been complied with, while as to the barn the plaintiff had not furnished a sworn statement as to the amount due laborers and materialmen, and for other reasons which it is not necessary to set out in detail. The judge declined to direct a verdict. He charged the jury, among other things, as follows:

" The plaintiff claims that over and above all payment of liens and obligations there is still due and unpaid upon

the contract for the building of this house in question a considerable balance. The defendant, however, disputes this claim, and insists he has overpaid the contract price and has paid for all extras.

"It is not, perhaps, important in this case whether the plaintiff or defendant is right in this respect; for under the pleadings in this cause and the bill of particulars in this case there can be no recovery for any alleged balance on the original contract of $2,100. The particular question arises in regard to building the barn and the extras. The plaintiff claims for certain additions and alterations made in the original contract for construction of the house.

"The contract provides, among other things, that if the parties cannot agree upon the price for these so-called extras then they shall be left to the architect, Mr. Rorison, and his decision as to the price shall be binding and finally conclusive in the matter. I say to you this agreement in that contract is binding upon the parties, and there can be no recovery for any extras unless and so far as they have been approved and fixed upon by the architect. Of course, if the defendant has made payments sufficient to cover the original contract price of $2,100 and also sufficient to cover all extras so far as they have been approved by the architect, then in this case there can be no recovery for any extras. But if these extras have not been paid for, and if, over and above the contract price and all liens and obligations, there is still a balance due, then the plaintiff may recover for such extras as the architect has recognized and approved.

"The plaintiff claims a balance due for work upon the barn. If the plaintiff finished his work upon the barn, and there is still a balance due him unpaid, he is entitled to recover for that; but if he failed to complete his contract upon the barn, and if it cost Mr. Eaton more to finish the job than the difference between what Mr. Eaton paid the plaintiff and the contract price, then the plaintiff would not be entitled to recover in this action. I say to you, further, that under the terms of the contract between these parties no balance can be recovered in this action even for any extras, unless the contract had been completed by the plaintiff and all claims for labor and material had been paid; that is, or those claims had been included in the amount which the defendant retained.

"One or two requests I will give you on the part of the defendant. In this cause in justice's court the plaintiff

furnished and filed a bill of particulars in which no claim is made for any balance due upon the contract price for the dwelling, and under the law the plaintiff is now confined to such items as were in his bill of particulars, and cannot now recover for any balance upon the contract price of the dwelling.

"If you shall find from the evidence that the plaintiff contracted to do certain work upon the barn, and that he left the work before it was completed, and you shall find, further, that the amount paid by the defendant, either to the plaintiff or upon his order to workmen or materialmen, together with the amount which it cost him to complete the work, amounted to the contract price or more, then the plaintiff cannot recover anything in this action for such work as he did or for materials furnished."

The important question in the case is whether the judge should have directed a verdict in favor of defendant as requested. In addition to the testimony of the plaintiff which we have quoted, we think it ought to be said that the architect was called as a witness by defendant. Among other things, he testified that extras had been done and that he allowed all of them, except the extra for the floor and the plate glass; that the four windows were not extras, and that he had at one time a list, which he had mislaid. He also testified:

"The plate glass was an extra, of course. If the plate glass was put in the entire house, instead of the front windows, where it was specified, it was an extra; but Mr. Eaton and Mr. Morton had an agreement whereby Mr. Morton agreed to allow him $100 and he could furnish whatever glass he saw fit. That was conclusive. That was the reason for cutting out the $65. Did not have anything to do with the barn at all. Nor nothing to do with the cistern, brick, nor sand."

Enough will appear from this testimony to show that there was considerable work that was not done under the written contract. It also shows a claim on the part of plaintiff that before extras were put in they were agreed to between the parties without the intervention of the architect.

With reference to the contention that plaintiff could not recover as to the barn, because he had not furnished a sworn statement as to the amount due laborers and materialmen, it may be said this is not a proceeding brought to enforce a mechanic's lien. It is a suit in assumpsit for labor and materials. This work was done and materials furnished prior to January 1, 1902. The suit was commenced in justice's court in May, 1902. It was tried in the circuit court in December, 1902. It is the claim of plaintiff that defendant dealt with the laborers and materialmen himself. Defendant testified:

"Mr. Morton and I had a contract for doing some work on the barn. He was to raise it up and put under a wall, put in a new door, and move it into the center of the barn from the corner, and finish it all up, in good shape to occupy, complete; put in stalls and floor, to make and hang a roller door, and put under new sills. He was to furnish the material and do the work for $120. There was never any other figure talked about. He raised up the barn, and put the wall under, and straightened the roof. That is all he did. I came there one morning from my place and found him loading up his tools and taking them away. I asked him what he meant. I was surprised. He said he was going to quit the job. Had paid him about $85. Paid to James Eaton $21.50. Paid to James Eaton on Morton's order. All the payments I ever made were either to Mr. Morton or on his order on the barn.

"*Q.* What are the payments?

"*A.* George Barry, $3.50; W. Morton, $4.40; R. Morton $4; Wm. Kersey, $17.90; R. Morton, $2; George Berry, $5; Wm. Crosby, $2.70; R. Morton, $24.90. It all amounts to $85.90. Have completed the job Mr. Morton threw up.

"*Q.* What did it cost you to complete it?

"*A.* Total amount, $61.50. Paid more than the contract price. I wanted to get rid of it and avoid having any trouble with him."

There is no claim that any liens upon the barn were pending and unsettled when this testimony was given. The time in which they could be obtained had long passed.

It will be seen, by referring to that portion of the charge

141 MICH.—29.

which we have quoted, the jury were instructed that if they should find:

"That the amount paid by the defendant either to the plaintiff or upon his order to workmen or materialmen, together with the amount which it cost him to complete the work, amounted to the contract price or more, then the plaintiff cannot recover anything in this action for such work as he did or for materials furnished."

The questions presented were in the main questions of fact about which the parties were not agreed. The judge could not, in view of the testimony, decide the case as a matter of law. We think he properly submitted it to the jury.

Judgment is affirmed.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.